IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY J. WILSON, | ) |
|           Petitioner, | ) |
| v. | ) Case No. CIV-23-531-D |
| CARRIE BRIDGES, Warden, | ) |
|           Respondent. | ) |

**ORDER**

On July 7, 2023, Petitioner, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus ("the Petition") by a person in state custody seeking habeas relief under 28 U.S.C. § 2254 [Doc. No. 7]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings [Doc. No. 17]. Petitioner also filed a Motion for Leave to Extend Pages for his "opening brief" on January 10, 2024 [Doc. No. 19].

On December 28, 2023, Judge Green filed a Report and Recommendation ("Report") recommending dismissal of the Petition *with* prejudice as to refiling [Doc. No. 18, at 1, 6-7]. Specifically, after reviewing the Petition in accordance with Rule 4 of the Rules Governing § 2254 Cases, Judge Green concluded that it was time-barred under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and untimely under 28 U.S.C. § 2244(d)(1)(A). *Id.* at 1, 4-6. Judge Green also concluded that the Petitioner was not entitled to equitable tolling or the actual innocence exception. *Id.* at 6.

Judge Green advised Petitioner of his right to object and directed that any objection be filed on or before January 18, 2024. *Id*. at 7. Judge Green further advised Petitioner that any failure to object would result in a waiver of the right to appellate review. *Id.*

On January 18, 2024, the Court granted Petitioner's Motion for Extension of Time [Doc. No. 20] requesting additional time to object to the Report and extended the deadline to file an objection to February 5, 2024 [Doc. No. 21].

On February 2, 2024, the Court granted in part Petitioner's Motion for Leave [Doc. No. 22] seeking an additional forty pages to object to the Report [Doc. No. 23]. The Court ruled that Petitioner's objection shall not exceed forty-five pages and that it shall be filed on or before February 16, 2024 [Doc. No. 23, at 1-2].

On February 6, 2024, Petitioner filed an objection that was 53 pages total: 51 pages excluding the Certificates of Service and Mailing [Doc. No. 24]. On February 14, 2024, Petitioner filed an objection that was 47 pages: 45 pages excluding the Certificates of Service and Mailing [Doc. No. 25]. Only the later-filed objection will be considered.

In his objection, Petitioner did not address how his Petition was time-barred under the AEDPA; rather, Petitioner merely reasserts the merits of his habeas petition. *Id*.

Section 636(b)(1) requires the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). Notably, Petitioner does not object to Judge Green's determination that the Petition is time-barred under the AEDPA.

Further, the cases cited by Petitioner in his objection are inapposite. Petitioner, therefore, has waived any such objections, and dismissal with prejudice is proper. Moreover, Petitioner's Motion for Leave to Extend Pages [Doc. No. 19] is denied as **MOOT**.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Judge Green's Report and Recommendation [Doc. No. 18] is **ADOPTED** in its entirety.  Accordingly, this action is **DISMISSED WITH PREJUDICE** to the filing of a new action.  A judgment shall be issued forthwith.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

**IT IS SO ORDERED** this 25th day of June, 2024.

                    TIMOTHY D. DeGIUSTI
                    Chief United States District Judge